

UNITED STATES OF AMERICA,

                Plaintiff,

v.

TYLER A. LAMERS and
JOSEPH D. CHARLESWORTH,

                Defendants.

Case No. 24-CR-36

[18 U.S.C. §§ 922(a)(6), 924(a)(2),
924(a)(8), & 924(c)(1)(A)(i); 21
U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

**Green Bay Division**

## SUPERSEDING INDICTMENT

### COUNTS ONE THROUGH THREE
(False statements to an FFL)

**THE GRAND JURY CHARGES THAT**:

1.    On or about the following dates, in the State and Eastern District of Wisconsin,

**TYLER A. LAMERS,**

in connection with acquiring firearms from Scheels Sports, a dealer licensed under Title 18, United States Code, Chapter 44, also known as a federal firearms licensee ("FFL"), knowingly made false statements with the intent to deceive the FFL about facts material to the lawfulness of the sale and disposition of such firearms.

2.    Namely, in connection with the following firearm acquisitions, Lamers falsely declared on the Firearm Transaction Record ("ATF Form 4473") that (i) he was the

1

actual buyer of the firearm when, in fact, he knew that he was buying the firearm for someone else; and (ii) he was not an unlawful user of and addicted to any controlled substance, when, in fact, he was an unlawful user of and addicted to a controlled substance:

| Count | Date | Make | Caliber | Serial # | Type |
|---|---|---|---|---|---|
| One | 7/18/2023 | Taurus | 9-mm | AEB091363 | Pistol |
| Two | 7/29/2023 | Taurus | 9-mm | AEB122435 | Pistol |
| Three | 8/14/2023 | Canik | 9-mm | 23CT31050 | Pistol |

Each in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT FOUR
(Possession of fentanyl with the intent to distribute)

**THE GRAND JURY FURTHER CHARGES THAT**:

On or about August 28, 2023, in the State and Eastern District of Wisconsin,

**JOSEPH D. CHARLESWORTH**

knowingly and intentionally possessed with the intent to distribute a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

# COUNT FIVE
## (Possession of firearm in furtherance of drug trafficking)

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 28, 2023, in the State and Eastern District of Wisconsin,

## JOSEPH D. CHARLESWORTH

knowingly possessed a firearm in furtherance of a drug trafficking crime, namely, possession with intent to distribute a controlled substance, as charged in Count Four of this superseding indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

4

# COUNT SIX
## (Possession of a firearm by a convicted felon)

THE GRAND JURY FURTHER CHARGES THAT:

1. On or about August 28, 2023, in the State and Eastern District of Wisconsin,

**JOSEPH D. CHARLESWORTH,**

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm which, prior to his possession, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearm is more fully described as a Canik 9-millimeter pistol bearing serial number 23CT31050, containing a magazine loaded with 15 rounds of 9-millimeter ammunition.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## NOTICE OF FORFEITURE

1. Upon conviction of Counts One, Two, Three, Five, or Six of this superseding indictment, the respective defendant(s) shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense, including, but not limited to, the following:

   a. a Taurus 9-mm pistol, serial number AEB091363;

   b. a Taurus 9-mm pistol, serial number AEB122435;

   c. a Canik 9-mm pistol, serial number 23CT31050; and

   d. approximately 265 rounds of 9-millimeter ammunition.

2. Upon conviction of Count Four of this superseding indictment, defendant Charlesworth shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation.

A TRUE BILL:

FOREPERSON

Dated: 3/5/2024

GREGORY J. HAANSTAD
United States Attorney